## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES A. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No.  15 C 7702 | |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) Hon. Charles P. Kocoras | |
| Chicago Police Officers KENHASA MARTIN, | ) Judge Presiding | |
| ANGELA B. COWART-SMITH, | ) | |
| STEVEN A. DAVIS,  MARK H. DAVIS, | ) | |
| A. SMITH, ERIC MEDINA, STANLEY | ) | |
| L. WILLIAMS, DANIEL CORRAL, | ) | |
| MARTIN J. TANNEHILL | ) | |
| FRANCIS J. HESLIN , ROBERT D. WATKINS, | ) | |
| E.L. JOHNSON, ROY A. BOFFO | ) | |
| F.J. MARCELLINO, and VANCE E. BONNER | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

CHARLES A. ALLEN, by his attorney, Timothy J. Deffet, for his Second Amended Complaint against the Defendants CITY OF CHICAGO, Chicago Police Officers KENHASA MARTIN, ANGELA B. COWART-SMITH, STEVEN A. DAVIS, MARK H. DAVIS, A. SMITH, ERIC MEDINA, STANLEY L. WILLIAMS, DANIEL CORRAL, MARTIN J. TANNEHILL, FRANCIS J. HESLIN, ROBERT D. WATKINS, E.L. JOHNSON, ROY A. BOFFO, F.J. MARCELLINO and VANCE E. BONNER, states as follows:

## JURISDICTION AND VENUE

1.      The plaintiff, CHARLES A. ALLEN, brings this action to redress injury done to him by the defendants' intentional deprivation of ALLEN's rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

1

2.      The jurisdiction of this court is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.      Because the deprivation of constitutionally protected rights occurred within the Northern District of Illinois, venue is proper in this district.

## PARTIES

4.      CHARLES A. ALLEN is a natural person, residing in the City of Chicago, Cook County, Illinois.

5.      The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

6.      Through its operations the City of Chicago established and organized the Chicago Police Department.

7.      KENHASA MARTIN is a natural person, employed by the City of Chicago as a police officer, Star #19088.

8.      ANGELA B. COWART-SMITH is a natural person, employed by the City of Chicago as a police officer, Star #14273.

9.      STEVEN A. DAVIS is a natural person, employed by the City of Chicago as a police officer, Star #2939.

10.     STANLEY L. WILLIAMS is a natural person, employed by the City of Chicago as a police officer, Star #1347.

11.     DANIEL CORRAL is a natural person, employed by the City of Chicago as a police officer, Star #14816.

12.     ERIC MEDINA is a natural person, employed by the City of Chicago as a police officer, Star #14911.

13.     FRANCIS J. HESLIN is a natural person, employed by the City of Chicago as a police officer, Star #20925.

14.     ROBERT D. WATKINS is a natural person, employed by the City of Chicago as a police officer, Star #13054.

15.     E.L. JOHNSON is a natural person, employed by the City of Chicago as a police officer, Star# currently unknown.

16.     VANCE E. BONNER is a natural person, employed by the City of Chicago as a police officer, Star#1722.

17.     MARK H. DAVIS is a natural person, employed by the City of Chicago as a police officer, Star#14673.

18.     A. SMITH is a natural person, employed by the City of Chicago as a police officer, unknown Star number.

19.     MARTIN J. TANNEHILL is a natural person, employed by the City of Chicago as a police officer, unknown Star number.

20. F.J. MARCELLINO is a natural person, employed by the City of Chicago as a police officer, Star number 2108.

21.     ROY A. BOFFO is a natural person, employed by the City of Chicago as a police officer, Star number 1622.

## FACTS

22.     On July 21, 2014, at approximately 11:32 P.M., CHARLES A. ALLEN was arrested at 8101 S. Maryland Ave. #303, Chicago, Illinois and his arrest and placement into Chicago Police Department custody at District 6 continued through July 22, 2014 when he was placed in Chicago Police Department lockup.

23.     At the time and place aforesaid, DEFENDANT Officer KENHASA MARTIN arrested CHARLES ALLEN and tased him at least two times, before and after being handcuffed allegedly because he "became combative", "began pulling and away and yelling obscenities" at the arresting officers as they attempted to place him in the patrol car and that ALLEN "spit in the direction of" OFFICER KENHASA MARTIN "putting him in fear of receiving a battery".

94.     Defendant Officer KENHASA MARTIN and assisting attesting officers ANGELA B. COWART-SMITH, DANIEL CORRAL, ERIC MEDINA, STEVEN A. DAVIS, STANLEY L. WILLIAMS, stated in the police report that "the first initial tase was ineffective" and therefore "arrestee was tased various times", the "subject was then subdued" and "the subject was treated by EMS#24."

25.     Defendant ANGELA B. COWART-SMITH also slammed Mr. ALLEN to the ground and drover her knee into his back.

26.     Defendants STEVEN A. DAVIS, ERIC MEDINA, and DANIEL CORRAL all used unreasonable force against Mr. ALLEN during the arrest.

27.     Defendants state in the police report that "the subject was treated by EMS #24" when the EMS report states "no EMS needed" and "handled by CPD beat 631".

28.     Officers COWART-SMITH, MEDINA, CORRAL, WILLIAMS, STEVEN DAVIS all did nothing to stop Officer KENHASA MARTIN from continuing to discharge the Taser on CHARLES A. ALLEN.

29.     MR. ALLEN eventually passed out some time after the repeated tasings and beatings that he received at the hands of the arresting officers.

4

30.     CHARLES ALLEN was eventually transported to District 6 police station soon after where he was searched by Officer E.L. JOHNSON according to the police report and despite his injuries was still not transported to a hospital.

31.     CHARLES ALLEN was monitored by ROBERT D. WATKINS as the lockup keeper and still not transported to a hospital despite his arrest photos which clearly show blood on his shirt.

32.     MARK DAVIS was a police officer who was an evidence technician at the scene of the arrest and would have observed and taken evidence of Mr. ALLEN's injuries at the scene and possibly at District 6.

33.     Officers  KENHASA MARTIN and STEVEN DAVIS  wrote out complaints against CHARLES A. ALLEN charging him with battery, reckless conduct, and resisting arrest.

34.     Officer MARTIN J. TANNEHILL was the Watch Commander on duty and who took and approved the complaints by Officers KENHASA MARTIN and STEVEN DAVIS.

35.     ROY A. BOFFO was also a Watch Commander on duty during ALLEN's stay at District 6 who approved charges.

36.     F.J. MARCELLINO was an approving supervisor and VANCE E. BONNER gave final approval of the charges against CHARLES ALLEN.

37.     At all times pertinent all the previously named Chicago Police Officers were acting within the course and scope of their employment with the City of Chicago

38.     At all times pertinent all the previously named Chicago Police Officers were acting under the color of state law.

5

## COUNT I – SECTION 1983- EXCESSIVE FORCE AND FAILURE TO INTERVENE- STEVEN DAVIS, STANLEY WILLIAMS, ANGELA B. COWART-SMITH, KENHASA MARTIN, ERIC MEDINA and DANIEL CORRAL

1-38.    Plaintiff CHARLES A. ALLEN, repeats and realleges the allegations contained in paragraphs 1 through 38 of the Facts, as paragraphs 1 through 38 of Count I, as though set forth verbatim herein.

39.    42 U.S.C. § 1983, provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity or other proper proceeding for redress.

40.    The 5th and 14th Amendments of the U.S. Constitution provide that a person cannot be deprived of life, liberty, and property without due process.

41.    Defendants Officer KENHASA MARTIN violated CHARLES A. ALLEN's constitutionally protected rights in that:

> (a)    He used excessive and unnecessary force on CHARLES A. ALLEN by repeatedly discharging a Taser on CHARLES A. ALLEN;

42.    Defendant Officer COWART-SMITH violated CHARLES A. ALLEN's constitutionally protected rights in that:

> (a)    she unreasonably threw him to the ground and forced her knee in his back;

43.    Defendant Officers STEVEN DAVIS, STANLEY WILLIAMS, ERIC MEDINA and DANIEL CORRAL violated CHARLES A. ALLEN's constitutionally protected rights in that:

> (a)    They unreasonably battered Mr. Allen at the scene;
> (b)    They had reasonable opportunities to intervene and failed to intervene to stop Officer KENHASA MARTIN from repeatedly discharging a Taser on CHARLES A. ALLEN and from stopping COWART-SMITH from beating CHARLE ALLEN with her knees in his back and other actions.

6

44.     As a direct and proximate result of the intentional deprivation of CHARLES A. ALLEN's constitutionally protected rights, CHARLES A. ALLEN suffered injuries.  As a further direct and proximate result of the defendants intentional misconduct CHARLES A. ALLEN sustained financial loss.

**WHEREFORE**, CHARLES A. ALLEN prays for judgment in his favor and against the defendants, Officers STEVEN DAVIS, STANLEY WILLIAMS, ANGELA B. COWART-SMITH, KENHASA MARTIN, ERIC MEDINA and DANIEL CORRAL, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT II – STATE LAW BATTERY- STEVEN DAVIS, STANLEY WILLIAMS, ANGELA B. COWART-SMITH, KENHASA MARTIN, ERIC MEDINA and DANIEL CORRAL

1-38.   Plaintiff CHARLES A. ALLEN, repeats and realleges the allegations contained in paragraphs 1 through 38 of the Facts, as paragraphs 1 through 38 of Count II, as though set forth verbatim herein.

39.     One or more Chicago Police Officers, without lawful authority, physically abused CHARLES A. ALLEN, and committed acts of intentional, harmful and offensive contact with the person of CHARLES A. ALLEN, without provocation or legal justification.

40.     The actions of one or more Chicago Police Officers were the direct and proximate cause of the injuries suffered by CHARLES A. ALLEN.

41.     In taking these actions, the Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago.

42.     The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

7

**WHEREFORE**, CHARLES A. ALLEN prays for judgment in his favor and against the defendants, Officers STEVEN DAVIS, STANLEY WILLIAMS, ANGELA B. COWART-SMITH, KENHASA MARTIN, ERIC MEDINA and DANIEL CORRAL, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT III – STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-ALL OFFICERS

1-38.     Plaintiff CHARLES A. ALLEN, repeats and realleges the allegations contained in paragraphs 1 through 38 of the Facts, as paragraphs 1 through 38 of Count III, as though set forth verbatim herein.

39.     The acts of the defendant Chicago Police Officers toward CHARLES A. ALLEN, were extreme and outrageous.

40.     The defendant Chicago Police Officers intended to disregard, or recklessly disregarded, the probability that their conduct would cause CHARLES A. ALLEN to suffer emotional distress.

41.     CHARLES A. ALLEN endured severe or extreme emotional distress.

42.     The conduct of the defendant Chicago Police Officers actually and proximately caused CHARLES A. ALLEN's emotional distress.

43.     In taking these actions, the Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago.

44.     The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, CHARLES A. ALLEN prays for judgment in his favor and against the defendant City of Chicago, and that he be awarded compensatory and punitive damages,

8

reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT IV – FAILURE TO PROVIDE MEDICAL CARE - 42 U.S.C. SEC. 1983-ALL OFFICERS

1-38.    Plaintiff CHARLES A. ALLEN, repeats and realleges the allegations contained in paragraphs 1 through 38 of the Facts, as paragraphs 1 through 38 of Count IV, as though set forth verbatim herein.

39. As described more fully above, all the named officers in Count IV had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights.

40. As a result of all OFFICERS from the time of arrest, transport, lockup and approval and investigation of charges, they all jointly failed to assess and provide medical care needed, Plaintiff suffered pain, injury and emotional distress for their failure to provide medical care and transport to the hospital until the late morning of July 22, 2014 when Mr. Allen was revived on his own.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Plaintiff's constitutional rights.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT V– RESPONDEAT SUPERIOR CITY OF CHICAGO

1-38.    Plaintiff CHARLES A. ALLEN, repeats and realleges the allegations contained in paragraphs 1 through 38 of the Facts, as paragraphs 1 through 38 of Count V, as though set forth verbatim herein.

39.     Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when acting within the scope of their employment activities.

40.     Defendants, Chicago Police Officers were, at all times relevant, acting within the course and scope of their employment with the City of Chicago.  These Chicago Police Officers acted within the course and scope of their employment in committing the misconduct described herein.

**WHEREFORE**, CHARLES A. ALLEN prays for judgment in his favor and against the defendant City of Chicago, for any tort judgment for compensatory damages for which its employees are liable, the costs of this action, and such other and further relief as the Court deems just.

### COUNT VI – INDEMNIFICATION

1-38.     Plaintiff CHARLES A. ALLEN, repeats and realleges the allegations contained in paragraphs 1 through 38 of the Facts, as paragraphs 1 through 38 of Count VI, as though set forth verbatim herein.

39. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. The Defendant Officers are employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, plaintiff, CHARLES ALLEN, respectfully requests that judgment be entered in his favor in the sum in excess of $75,000 as and for compensatory damages against all of the named defendants, $1,000,000.00 as and for punitive damages against the individual officer defendants, and that he be awarded his costs and a reasonable attorney's fee pursuant to the provisions of Title 42 U.S.C. § 1988, in addition to any other relief from this Court deemed just and proper.

**CHARLES A. ALLEN**

/s/    Timothy J. Deffet

By:    _____
    Timothy J. Deffet

#6255823
Timothy J. Deffet
The Law Office of Timothy J. Deffet
4848 N. Clark St.
Chicago IL 60640
Phone: 773-627-4719
Facsimile: 888-294-3035
tim@timdeffetlaw.com