UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15 C 7702 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Charles P. Kocoras |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendants' motion to strike Plaintiff Charles Allen's ("Allen") amended response to the Defendants' Local Rule 56.1 Statement of Undisputed Facts ("Rule 56.1 Statement") and to deem their Rule 56.1 Statement admitted. For the following reasons, the Court grants in part and denies in part the motion.

### STATEMENT

On May 13, 2019, the Court granted the Defendants' initial motion to strike Allen's response to their Rule 56.1 Statement. In its Order, the Court provided Allen with an opportunity to cure the deficiencies in the response, specifically by providing appropriate record citations, removing improper argument, and eliminating non-responsive answers.

Based on the Court's Order, Allen filed an amended response to the Defendants' Rule 56.1 Statement. The Defendants subsequently filed a second motion to strike and deem admitted, arguing that Allen's amended response was still improper.

Northern District of Illinois Local Rule 56.1 requires the "party moving for summary judgment to include with the motion 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgement as a matter of law.'" *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (quoting N.D. Ill. R. 56.1(a)(3)). "The movant bears the initial burden of showing that no genuine issue of material fact exists." *Genova v. Kellogg*, 2015 WL 3930351, at *3 (N.D. Ill. 2015). "The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the movant bears the burden of proof at trial." *Id*.

The non-moving party must respond to the movant's Rule 56.1 Statement and may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits. N.D. Ill. R. 56.1(b); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-movant must support their contentions with documentary evidence of specific facts that demonstrate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The Court is concerned only with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court enjoys considerable discretion in its enforcement of the local rules, and accordingly, has a wide latitude in determining the

proper remedy for noncompliance. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006).

In assessing Allen's amended response, the Court echoes the concerns it expressed in its May 13, 2019 Order. Allen continues to respond with lengthy and improper argument or evasive and non-responsive answers. Indeed, some of his amended responses are not amended at all. Rather, they are exact reiterations of the answers the Court instructed Allen to correct. Thus, the Court finds it appropriate to strike the majority of Allen's responses and deem the Defendants' Rule 56.1 Statement admitted in large part.

However, there are a select number of responses that Allen properly disputed, and therefore, the Court will not deem admitted. First, the Court will not deem fact number fifteen admitted because the record evidences a genuine dispute as to whether the ambulance provided treatment on the scene after Allen's arrest. *See* Ex. 13, 14. Second, the Court will not deem fact number sixty-three admitted because the record shows a genuine dispute as to whether Dr. Barry Lewis opined that Allen's stab injuries were exacerbated by the tasering. *See* Ex. 27.

Finally, the Court notes that Allen raised several evidentiary objections to facts asserted in the Defendants' Rule 56.1 Statement. "[A]ny statements or responses that contain legal conclusions or argument, are evasive, contain hearsay or are not based on personal knowledge, are irrelevant, or are not supported by evidence in the record will not be considered by the Court in ruling on Defendant's summary judgment motion."

3

*Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 921 (N.D. Ill. 2014) (stating that "the Court may only consider admissible evidence when ruling on a motion for summary judgment.").

## **CONCLUSION**

For the aforementioned reasons, the Court grants in part and denies in part the Defendants' motion to strike and deem admitted. It is so ordered.

Dated: 7/10/2019

_____
Charles P. Kocoras
United States District Judge